UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02804

**Juan Francisco Rivera Membreno,**
*Petitioner,*
v.
**United States Attorney General, et al.,**
*Respondents.*

## ORDER

Juan Francisco Rivera Membreno is a native and citizen of El Salvador currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about 2006 according to Petitioner. Petitioner has an approved I-130 Petition for Alien Relative dated December 6, 2026, according to Petitioner.[1] In early October 2026, Petitioner was detained by Immigration and Customs

[1] Petitioner does not aver that his approved I-130 Petition confers legal status or entitles him to habeas relief. After all, an approved I-130 petition does not confer any benefits or legal status on an alien, but simply makes them eligible to be considered for a visa. *See Garcia v. Limon*, No. 1:19-cv-120, 2019 WL 7494398, at *4 (S.D. Tex. Nov. 4, 2019) ("An approved I-130 application does not confer an immigration benefit allowing an alien to be legally admitted to the United States, nor does it confer authority for an alien to legally stay in the United States." (cleaned up)), *report and recommendation adopted*, 2020 WL 76248 (S.D. Tex. Jan. 7, 2020).

Enforcement officers and sent to the T. Don Hutto Detention Center in Taylor, Texas.

On October 4, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act ("APA"), the Immigration and Nationality Act ("INA"), and the Suspension Clause, and equal protection guarantees. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's APA, INA, and Suspension Clause arguments fare no better for the reasons set forth in Parts I and III-IV of

this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. To the extent Petitioner argues that his detention violates governing regulations, his argument falls short because "the Fifth Circuit has confirmed that the failure of officials to follow their own policies, without more, does not constitute a violation of due process, making a writ of habeas corpus generally not available." *Id*. (internal quotation marks and citations omitted). And "[i]nsofar as Petitioner is challenging the non-enforcement of certain regulations, those regulations contravene the plain text of [8 U.S.C. § 1225(b)(2)(A).]" *Id.* at 727.

Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722. And Petitioner's suspension clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through petitions for writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

Petitioner's argument that his detention violates his right to equal protection of the laws is also meritless. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Supreme Court has interpreted the Fifth Amendment to contain an equal protection component[.]" *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)) (cleaned up). "Fifth Amendment equal protection

claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-cv-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)).

Petitioner does not allege that his fundamental rights are it issue nor that he is a member of suspect class. Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. Habeas Pet. at ¶ 122 (ECF No. 1). But Petitioner does not dispute that Respondents are currently treating him and similarly situated individuals similarly. They are all being detained without bond under 8 U.S.C. § 1225, which is why Courts have seen a deluge of petitions nearly identical to Petitioner's. Rather, Petitioner's argument is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention"). It is not an

equal protection violation for Respondents to start following the law.

Petitioner is also not entitled to an injunction against transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner likewise presents no persuasive reason for the Court to enjoin Respondents from taking steps to effectuate his removal from the United States while his petition is pending. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied. *See, e.g.*, *Jaramillo-Arellano v. Blanche*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 19, 2026.*

ANDREW DAVIS
United States District Judge